## Case No. 17,704.

### In re WILLIAMS.

[2 N. B. R. 83 (Quarto, 28).][1]

District Court, D. South Carolina. 1868.

INVOLUNTARY BANKRUPTCY—EXPENSES OF SUIT—CONTRIBUTION BY CREDITORS.

A creditor's petition for an adjudication of bankruptcy against the estate of his debtor, is the same as a creditor's bill against a deceased insolvent. All creditors must contribute pro rata to the expenses of the suit. Whether counsel fee shall be allowed, as well as the measure of such fee, rests with the court. and is a question addressed to its equity.

[Cited in Ex parte Jaffray, Case No. 7,170; Re Mead, Id. 9,364; Re Mitteldorfer. Id. 9,-675: Re New York Mail Steamship Co.. Id. 10,208: Re Nounnan. 7 N. B. R. 22. Quoted in Re O'Hara. Case No. 10,465. Cited in Re Schwab. Id. 12,498; Trustees v. Greenough. 105 U. S. 534.]

In bankruptcy.

BRYAN. District Judge. The court, in this case, concurs in the conclusion and recommendation of the register. for the reasons stated by him. and others which seem to have weight. The analogous case in which counsel fees are allowed in our state court, in chancery, is that of a creditor's bill against the insolvent estate of deceased persons. Now. in contemplation of law. so far as his property is concerned. the bankrupt is dead. He is no longer entitled to the control over it, or the distribution of it. It is assets in the possession of

---

2 [From 3 N. B. R. 286 (Quarto, 74).]

1 [Reprinted by permission.]

the court, to be administered by the agency of an assignee, for the equal benefit of all creditors—not preferred and protected by liens—and such lien creditors secured in their liens, as in the case of an insolvent decedent's estate.

In every successful prosecution of a suit in involuntary bankruptcy, the result is, that the defendant, declared a bankrupt. is deprived of his property, and it becomes an estate held for the benefit of his creditors. The creditor's petition is inevitably in all such cases substantially a creditor's bill against a deceased insolvent. Such creditor is the champion, certainly, of all creditors, who, either at the time of the suit or after its successful prosecution, choose to avail themselves of its benefit. They are at liberty, at any time, to come in and profit by it. Shall they do so without making the pro rata contribution to the expenses of the suit, (as in our court of chancery,) which has secured them a share in the bankrupt's estate? And shall the creditor, who has (as in this case) rescued the estate and made the fund for the benefit of the general creditors, be alone excluded from the common benefit? Shall he who is thus a common benefactor be made a martyr and a scape-goat? Shall he bear the whole burden and reap scarcely any—if any—benefit? Not, certainly, if the "bankrupt act" is founded in justice, and its policy is to be enforced.

There is a very cogent reason why any single creditor should feel at liberty to prosecute without the fear of having his claim swallowed up by the expenses of the suit—even when successful. The act contemplates fraud, as the ground of prosecution, in a great variety of forms. Instant action by one creditor, in a precise locality, separated from all other creditors, and without opportunity of counseling with them, is necessary for the efficient administration of the law and the protection of the whole body of creditors. To wait for time for consultation would, in numerous instances, be to lose the golden moment, and let the fraudulent debtor go free. There should be no hindrance to any creditor acting promptly under such circumstances.

On the contrary, he should be permitted and invited to play the part of champion of those in common interest with him—to become the guardian of those, who, from ignorance or absence, cannot take care of themselves. How can this be, when the paralyzing thought is ever present to his mind, that when he has maintained the justice of the act and secured the beneficient ends contemplated by it, he is to be punished and not rewarded for his zeal, activity and vigilance? That when he has brought conviction to the fraudulent debtor, and rescued property in the act of transition, or the debtor himself in the act of escape, he is to be mulcted for all his pains and expenses, and others, and not himself, reap the benefit of labor and sacrifice sanctioned by the act. And let it be noted that it is only when successful that the petitioning creditor can ask his fellow creditors to contribute anything. He takes all the hazards of defeat. It is only when suc-

cessful, and the creditors elect to share in the benefits of his success, he asks them in due proportion to share the cost of it—and thus equalize the benefit and burden. And he is paid out of an estate in which the bankrupt, as in the case of an estate of a deceased insolvent, has no interest. For, as has been said before, the bankrupt, so far as his property is concerned, is as a deceased insolvent. His property has ceased to be his, and thenceforth is to be administered as an estate.

Another important consideration, entering into the determination of this question, is that the measure of the counsel fee is not left to counsel and client. Whether a fee should be allowed, and for what amount, is to be determined by the court, and is a question addressed to its equity. The judge, in coming to his conclusion, is aided by the fact, that much of the labor to be compensated is done in his presence. Of this, the highest form of service, he is supposed to be a competent judge. If not fully informed, he takes counsel through the proper officer of the court of the value of the whole services rendered. And he does not allow the fee unless satisfied that full value has been given in the services rendered. The estate of the creditors is thus protected against any possible sinister speculations of client and counsel, or any innocent fanciful valuation that counsel might attach to their services, and clients might be disposed to allow, if permitted without restraint to tax the estates of bankrupts.

Upon very full consideration and after much deliberation, it is ordered that the report of Mr. Register Clawson be confirmed. It is also ordered that he report what, in his judgment, is a proper counsel fee in this cause, and that if there is any doubt upon the amount, that he take evidence upon the question and submit it with his judgment to the court.