58   69
67  456

HENRY SEIBERT *vs.* MINNEAPOLIS & ST. LOUIS RY. CO. *et al.*

Argued June 12, 1894.   Affirmed June 29, 1894.

Nos. 8607, 8608, 8609.

**Orders affirmed because of defective returns.**

Following *Hospes* v. *Car. Co.*, 41 Minn. 256. the orders appealed from
are affirmed, because only a part of the proceedings in the court below, on
which the orders may have been based, are returned here on appeal.

The opinion in a former appeal herein, in 58 Minn. 58, limited.

Appeal by defendant, the Minneapolis and St. Louis Railway Com-
pany, from an order of the District Court of Hennepin County,
*Seagrave Smith*, J., made May 20, 1893, directing William H. Trues-
dale, receiver, to pay to Hiram C. Truesdale, the attorney and coun-
sel for the Farmers' Loan and Trust Company, one of the defendants,
$15,000 on account of his services in the action.

Appeal also by same defendant from an order of the same court
made the same day directing William H. Truesdale, receiver, to pay
Woods & Kingman, attorneys and counsel for the Fidelity Insurance
Trust and Safe Deposit Company, one of the defendants, $15,000 on
account of their services in the action.

Appeal also by same defendant from an order of the same court
made the same day directing William H. Truesdale, receiver, to pay
Harris Richardson, attorney and counsel for the Central Trust Com-
pany of New York, one of the defendants, $30,000 on account of his
services in the action.

*Edward S. Isham*, for appellant.

*Lawrence, Truesdale & Corrison, Woods & Kingman, Keith, Evans,
Thompson & Fairchild*, and *Harris Richardson*, for respondents.

CANTY, J. These are three separate appeals in said action taken by the defendant mortgagor from the separate orders of the court below, allowing, and ordering paid to the three defendant trustees, attorney's fees.

The court below, in its conclusions of law, ordered:

"Thirteenth. Upon showing made to the court in respect to the reasonable charges for attorneys and counsel employed in this action by the several trustees of the different mortgages described in the complaint, * * * there is allowed to the attorneys and counsel of the Central Trust Company of New York, defendant, trustee of several mortgages, in addition to the sum of $5,000 heretofore allowed and paid to them, the further sum of $30,000. There is also allowed to the attorneys and counsel of the Fidelity Insurance, Trust & Safe-Deposit Company of Philadelphia, defendant, trustee of two mortgages, in addition to the sum of $5,000 heretofore allowed and paid them, the further sum of $15,000. There is also allowed to the attorneys and counsel of the Farmers' Loan & Trust Company of New York, defendant, trustee of one of the mortgages, in addition to the sum of $5,000 heretofore allowed and paid to them, the further sum of $15,000. Such allowances, if there are sufficient moneys in the hands of the receiver, to be paid upon orders of the court made at or prior to the settlement of the decree in this cause, and shall cover all allowances to attorneys for subsequent proceedings in this court in said cause."

This was filed May 6, 1893, thereafter, and before the entry of judgment herein the court made an order on May 18, 1893, ordering the receiver to pay out of the earnings and income in his hands said sum of $15,000, as attorney's fees, to the attorney of said Farmers' Loan & Trust Company, and thereafter, on May 20, 1893, the court made an order, ordering the receiver so to pay to the attorney of said Central Trust Company said sum of $30,000; and on the same day the court made another order, ordering said receiver so to pay to the attorneys of said Fidelity Insurance, Trust & Safe-Deposit Company said sum of $15,000. From these orders the mortgagor appeals.

The point made by appellant that these fees should be made payable out of the proceeds of the foreclosure sale, and not out of other funds in the hands of the receiver, and the point made by him that

1878 G. S. ch. 81, § 44, applies to and limits the amount of attorney's fees which can be allowed in such a case as this, have both been disposed of in the opinion filed herewith in the appeal from the order allowing attorney's fees to plaintiff.

The other point made by appellant is that the mortgages of these defendant trustees do not, by their terms, provide for the payment of attorney's fees out of the mortgaged assets in a case like this, where such trustees are not attempting to foreclose their mortgages, and that, therefore, it was error to allow such fees. The respondents, citing *Hospes* v. *Northwestern M'fg. & Car Co.*, 41 Minn. 256, (43 N. W. 180,) make the point that the record brought up on these appeals is so deficient that it does not appear on what the court acted in making its order, or what the whole of that order was.

We are of the opinion that the point is well taken. None of the eight mortgages of which the Central Trust Company is trustee appear in the record at all. The record on each appeal consists of the complaint, answer of the mortgagor, answer of the respondent trustee, said thirteenth conclusion of law, the affidavits stating the amount and value of the attorney's services,—used on the motion in which the order appealed from was granted,—said order, and the notice of appeal therefrom. Neither the findings of fact nor the other conclusions of law are returned. For all that appears, these orders may be fully warranted by some finding of fact, or the court may, by the twelfth or fourteenth conclusions of law, or some other part thereof, or some other part of the record, have ordered the amount so allowed as attorney's fees charged to the bondholders, and deducted from the interest to be paid on the bonds secured by these mortgages. For these reasons the orders appealed from will have to be affirmed.

The respondents in all of these appeals cite the decision in a former appeal in this case, in 58 Minn. 58 (57 N. W. 1068,) as authority for the proposition that, on general equity principles, these trustees are entitled, out of the mortgaged assets, to their charges for attorney's fees, without regard to whether or not such fees are allowed by the terms of the mortgage.

That question was not raised on that appeal. On the contrary, it was conceded by all parties that the mortgage there in question

contained a clause authorizing the trustee, in case of default, to take possession and operate the road (without proceeding to foreclose), and out of the earnings pay—"First, the expense of administering the estate; and, second, the interest and principal of the mortgage." No question was made but that this sufficiently provided for the payment of attorney's fees in such a case, and that the proceedings taken in this action to recover the accrued interest due under that mortgage were, under the circumstances, about all that could be done under that clause of the mortgage, and that such provision for the payment of attorney's fees applied.

But we do not wish to be understood as having held that on general equity principles, or unless attorney's fees are allowed by the terms of the mortgage, the trustee, in such a case as this, would be entitled to his charges for such fees, or anything more than statutory costs from the mortgagor or debtor.

Where it conclusively appears that the estate is insolvent, and the debtor or mortgagor cannot be aggrieved, the rule may be different from what it is in a case where he may be concerned, as well as the creditors.

The order appealed from is affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 829.)