66 135
71 509,

H. H. MERRICK and Another v. FREDERICK W. BONNESS, Assignee.[1]

October 29, 1896.

Nos. 10,353—(277).

## Insolvency—Attorneys' Fees.

On the findings of fact made by the court below, it is *held* that appellants, who, as attorneys for certain creditors of an insolvent debtor, proceeded under the provisions of G. S. 1894, § 4249, and procured an order allowing all creditors to share in the distribution of the assigned estate without filing releases, were not entitled to an order of the court directing that they be compensated for their services in procuring such order out of the trust funds in the hands of the assignee.

## Same.

Whether, under any showing, said appellants would be entitled to such an order, is not determined.

[1] Reported in 68 N. W. 850.

In the matter of the assignment of George Vetter, insolvent, to Frederick W. Bonness, assignee, in the district court for Hennepin county, H. H. Merrick and another, attorneys for certain creditors, made application for an order allowing them from the funds in the hands of the assignee the sum of $250, as compensation for services. From an order, Belden, J., denying their application, they appealed. Affirmed.

*Merrick & Merrick*, for appellants.
*Chas. P. Barker*, for respondent.

COLLINS, J. The question here is whether, on the findings of fact, the court below was justified in making its order or conclusion of law whereby it rejected and refused to allow an application made by appellants to be allowed and to have paid out of trust funds in the hands of the respondent, Bonness, as the assignee of one Vetter (who had made an assignment for the benefit of all of his creditors under the laws of this state), a certain sum as attorney's fees.

From these findings it appeared that the claims of 44 creditors, amounting in the aggregate to over $17,000, had been presented to and allowed by the assignee. Appellants, as attorneys at law, represented five of these creditors, the total amount of whose claims aggregated $2,228.85. On behalf of these five creditors, appellants proceeded by petition and an order to show cause, addressed to the insolvent and respondent assignee, to secure the hearing provided for in the concluding part of G. S. 1894, § 4249. At the conclusion of the hearing, the court made its findings of fact, upon which, as a conclusion of law, it ordered that all of the creditors of said insolvent should be permitted to participate in the distribution of the assets of his estate without filing releases. None of the creditors, except those represented by appellants, appeared or took part in the proceedings instituted by them, or have in any way signified their approval or disapproval of the same. It was expressly found that the services rendered by appellants were of the value of $200; but, as before stated, the court refused to allow any sum whatever, as a claim against the estate, to be paid by the assignee.

Appellants do not contend that their claim is covered by statute, but their position is that, as the general management of the trust estate is under the direction and supervision of the court, it has the

power to allow any claim for legal services which may have been rendered to the estate, and which have been beneficial to it and therefore in the interests of the creditors. In disposing of this appeal, it is unnecessary for us to express any opinion as to the soundness of this contention, and we expressly decline so to do. It is only required of us to say that, on the findings, no such case is presented.

It does not follow that, because appellants were successful in procuring the order in question, the estate was benefited, or that the interests of creditors were promoted. That would depend upon other matters about which the findings are silent. For instance, how could an estate or the interests of the creditors be benefited by the rendition of legal services, compensation for which would almost entirely absorb the assets, and leave very little for the creditors, except the privilege of sharing without filing releases in the distribution of what might be left? Or take a case where a creditor with a claim for a very small amount sees fit to proceed, as did the creditors represented by appellants, and secures the order, the mere fact that the order was obtained being the only thing from which it could be held that the legal services rendered were beneficial to anybody. In such cases, and in others which might be suggested, it would seem that there should be, at least, some showing as to the amount in the hands of the assignee for distribution before it can be held that services have been rendered for which a court, in the exercise of its power over a trust estate, and in its discretion, could award compensation for legal services to attorneys who, solely at the instance of a small number of creditors having claims aggregating less than one-eighth of the total indebtedness, proceed under the statute, and obtain the order in question.

We are of the opinion that, on the findings of fact, the conclusion of law made by the court below was right, without regard to the correctness or incorrectness of the general proposition contended for by appellants.

Order affirmed.