JOSEPH ROBITSHEK v. SWEDISH-AMERICAN NATIONAL BANK and Another.[1]

May 10, 1897.

Nos. 10,354—(36).

### Insolvency—Disallowance of Claim—Powers of Assignee.

Where an assignee in insolvency has acted upon a claim filed by a creditor, and has allowed or disallowed the same, his power and authority in respect to the allownce or disallowance of such claim are functus officio.

### Same—Reconsideration—Appeal by Creditors.

An assignee disallowed certain claims presented against the estate, and the claimant appealed to the district court. Pending the appeal the claimant dismissed the same, and sold and assigned the claims to a third party; and, as part of the same transaction, the assignee reconsidered his action, and allowed the claims in full in favor of the original claimant. Other creditors, through an appeal from such allowance by the assignee, sought and obtained a judicial inquiry as to the regularity of the act, and the right of the third party to participate in the dividends. *Held*, that the appealing creditors did not waive their right to question the power of the assignee to again consider the claims, after he had disallowed them, by litigating on the merits the right of the third party to share in the proceeds of the estate.

Skoll, an insolvent, made an assignment for the benefit of his creditors to one Joseph M. Davis. The assignee having allowed a claim under the circumstances stated in the opinion, the Swedish-American National Bank and another corporation, as creditors of the insolvent, appealed from such allowance by the assignee to the district court of Hennepin county. That court set aside the allowance of the claim by the assignee. From an order, Belden, J., denying a motion of Joseph Robitshek and of Joseph M. Davis, as the assignee of the insolvent, to amend and vacate the findings and order for judgment and for a new trial, they appealed. Affirmed.

*F. B. Hart* and *Merrick & Merrick*, for appellants.

*A. Ueland*, for respondents.

COLLINS, J. In December, 1894, one Skoll, an insolvent, made an assignment for the benefit of his creditors. The First National Bank

[1] Reported in 71 N. W. 7.

of Minneapolis held three notes made by Skoll individually, and four notes made by a firm of which he was a member, the seven notes aggregating about $17,000. By order of the court, creditors were required to file their claims with the assignee, for allowance or disallowance, on or before May 6, 1895. On the last day the bank presented and filed its claims, duly proved, with the assignee, claiming the right to participate in a distribution of the insolvent's assets. Later, just when does not appear, the assignee, in writing, disallowed said claims, and all thereof, upon the ground, as stated in the writing, that the bank held collateral security for the indebtedness. Thereupon the bank appealed to the district court from the assignee's order of disallowance, and pleadings in the matter of the appeal were duly framed. The security referred to was a second mortgage upon real property, the homestead of the insolvent; and the bank had in fact commenced an action to foreclose the mortgage, in which action such proceedings were had that a foreclosure sale was made July 16, 1895, at which sale the bank bid in the property for the sum of $1,000.

Pending an application for an order confirming the sale, one Robitshek opened negotiations for the purchase of the claims held by the bank; and on July 29, while the appeal was pending in the district court, not having been tried or determined, the bank, in consideration of the sum of $1,800 paid to it, executed and delivered a satisfaction of its mortgage, and entered into a stipulation whereby the foreclosure action was dismissed. It also assigned its claim to Robitshek, and at the same time stipulated to, and did, dismiss its appeal. After these stipulations had been entered into, the assignment of the claims and the satisfaction of the mortgage executed and delivered, the claims were again acted upon by the assignee, and allowed in full to the bank, the record falsely showing this allowance to have been made on July 26th. From this pretended allowance other creditors of the insolvent took an appeal to the district court, and, upon issues duly made by pleadings of the parties, a trial was had by the court. On its findings of fact, judgment was ordered vacating and setting aside the pretended allowance made by the assignee under date of July 26th; and the claims, and each thereof, were rejected and disallowed, the assignee being ordered to pay no part of either of the claims from the assets of said insolvent.

From the findings of fact, it is apparent that the trial court was of the opinion that Robitshek furnished no .part of the $1,800 paid to the bank, but that the payment was for and in behalf of Skoll, and to enable him to relieve his homestead of the mortgage lien, and then to participate in the distribution of the assets of his own estate; in other words, that the purchase by Robitshek, and the assignment to him, as well as the pretended allowance of the claims by the assignee, were a fraud upon other creditors of the insolvent. But, as the record stands, we are not compelled to determine whether its findings of fact on these questions were warranted by the evidence, nor do we have to decide as to the sufficiency of certain portions of these findings to support the conclusions of law.

It is conceded that, upon the last day fixed by the court for the filing of claims against the insolvent estate, the bank filed and presented its claims, duly verified, with the assignee; and that soon afterwards the latter rejected and disallowed the same, giving to the claimant bank due notice of such disallowance, as provided in G. S. 1894, § 4247; and that the bank promptly appealed from the order of disallowance to the district court; that as a part of the transaction whereby Robitshek became the owner of the claims, at least nominally, and the mortgage upon the insolvent's homestead was satisfied and discharged, this appeal was dismissed, by stipulation, without a hearing; and further that, as a part of this same transaction, without obtaining an order from the court of any description, the assignee again considered the rejected claims, reversed his former determination, and allowed the full amount thereof as a valid indebtedness against the insolvent estate; and also that, although the record shows this allowance to have been made to the bank as of date July 26th, the action of the assignee was not taken in fact until after the formal assignment to Robitshek, July 29th, as the assignee well knew.

Under the provisions of our insolvency law, and the practice in cases of assignment, all claims are presented to the assignee, the district court fixing the time within which this is to be done by creditors who wish to participate in the dividends. Section 4247, supra, expressly provides for the giving of written notice to creditors whose claims have been disallowed by the assignee within ten days after a decision has been reached, and gives the right of appeal to the ag-

grieved creditor within ten days after personal service of such notice, or within 20 days if the notice is served by mail. We have also held, in Re Minnehaha, 53 Minn. 423, 55 N. W. 598, that, when the assignee allows a claim against the estate, the insolvent debtor, or other party interested in the assets or their distribution, may, before the decision of the assignee has become final by acquiescence, apply to the court for, and is entitled to have, a judicial examination and decision of such claim. This really confers upon the debtor or other interested party the right of an appeal from the decision of a receiver allowing a claim.

Now, in view of the statutory right of appeal granted to a person whose claim has been disallowed by the assignee, and the fact that we have held that in the absence of a statute the debtor or other interested party may have a judicial inquiry and determination upon a claim allowed by the assignee, it will be seen that the action of the latter, when once taken, should be final, and not subject to review or reversal at his caprice or option. The rights of other parties, of all creditors, and of the insolvent debtor are involved in and determined by his action. If he may reverse himself after having disallowed a claim, he might equally as well change his mind after having allowed a claim. If he could reconsider once, nothing would prevent him from doing so as many times as he pleased. The insolvent, as well as the creditors, would never know when a decision was final and not subject to change. The assignee has power and authority to allow or disallow, accept or reject, but, when he has once determined as to a claim, such authority is exhausted. His power to act is functus officio. Therefore the pretended allowance of these claims, of date July 26th, was a nullity, and the only valid action was that whereby they were rejected and disallowed. The effect of the stipulation dismissing the appeal was to affirm the order of disallowance.

But counsel for Robitshek urges that, at most, this was a mere irregularity, and that by going to trial upon the merits of the case, submitting testimony as to the alleged fraudulent character of the transaction whereby the latter became the owner of the claims upon the face of the written assignment, and obtaining a decision upon the alleged fraud, these irregularities have been waived by the appealing creditors. We cannot so hold. The answer of these creditors set up the original disallowance of the claims, the appeal by the bank, the

68 M—14.

transaction through which Robitshek obtained an assignment from the bank, and particularly the fact of the allowance by the assignee, and the manner in which such action was reversed after the assignee had once made his decision, and also the dismissal of the appeal.    Evidence was offered and received upon this branch of the case, and it was relied upon from the commencement to the end of the trial.    The court also found upon it when passing on the facts, and obviously had these facts in view when making its conclusions of law.    There was no waiver of the point.    To the contrary, it was persistently presented by counsel as ground for a reversal, and for a rejection of the claims in the district court, and was relied upon by the court when it ordered judgment in favor of the appealing creditors.

Order denying a new trial affirmed.