SWEDISH-AMERICAN NATIONAL BANK OF MINNEAPOLIS v.
JOSEPH M. DAVIS.[1]

February 14, 1898.

Nos. 10,926—(279).

**Trust Fund—Expense of Administration—Benefit to Estate by Party Interested—Reimbursement for Expenses Incurred.**

It is a general principle that a trust estate must bear the expense of its administration. It is also established by sufficient authority that, where one of many parties having a common interest in a trust fund, at his own expense, takes proper proceedings to save it from destruction, and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportionate contribution from those who accept the benefit of his efforts.

**Same—Insolvent Estate—Benefit from Act of Creditor.**

This doctrine is applicable in the administration of an estate under the insolvency laws of this state, when such estate has been protected or benefited by the act of a creditor.

**Same—Distribution without Release—G. S. 1894, § 4249.**

A creditor proceeded under G. S. 1894, § 4249, and obtained an order permitting creditors to participate in the distribution of the trust funds, without filing releases. But nothing was added to the trust fund, directly or indirectly, nor was the estate benefited in any way. *Held*, that it was error for the court below to allow, as a proper claim against the estate, the amount paid out by the creditor as costs in such proceeding.

Appeal by Joseph M. Davis, as assignee in insolvency of the estate of Jacob Skoll, from an order of the district court for Hennepin county, Russell, J., granting the application of the Swedish-American National Bank, a creditor of said insolvent, for the allowance to it out of the insolvent estate of the sum of $419.39 for its disbursements and legal expenses in conducting certain litigation in the insolvency proceedings. Modified.

*Merrick & Merrick*, for appellant.

*A. Ueland*, for respondent.

COLLINS, J.[2]

The respondent bank, a creditor of Jacob Skoll, an insolvent,

---

[1] Reported in 74 N. W. 286.　　　　　　　　　[2] BUCK, J., absent.

made application to the court below for an allowance against the insolvent estate for the amount of certain disbursements made by it in proceedings instituted by it as a creditor, which resulted in an order directing that creditors be permitted to share in a distribution of the funds without filing releases (G. S. 1894, § 4249); and also that it might be allowed a certain sum for the legal services rendered by its attorney in said matter; and also that it might be allowed another certain sum for the legal services rendered by its attorney in and about an appeal taken by it, as such creditor, from the allowance of the claim of one Joseph Robitshek against the estate, which appeal resulted finally in a rejection of the claim (Robitshek v. Swedish, 68 Minn. 206, 71 N. W. 7).

The court below allowed $69.39 on account of said disbursements, but declined to allow any part of the claim for legal services rendered in procuring the order provided for in section 4249. It allowed $350 for and on account of the legal services rendered in the litigation concerning the Robitshek claim, and made an order directing the assignee to pay over to the respondent's attorney the full amount of the allowances. From this order the assignee appealed.

The contention of counsel for appellant is that, in the absence of a statute expressly providing therefor, the court is without authority to make any allowances of this character, either for money disbursed or for legal services rendered; citing Merrick v. Bonness, 66 Minn. 135, 68 N. W. 850. It was not so held in that case. There the application was for counsel fees rendered in procuring an order allowing creditors to participate in the dividends without filing releases, and we held that, on the facts as found, the court below properly denied the application. We expressly declined to pass upon the principal question argued, namely, that, as the supervision and general management of the trust estate is in the hands of the court, it has the power to allow any claim for legal services which have been beneficial to it, and therefore in the interests of creditors.

In the case at bar it was found as a fact that, by securing the order for a distribution without releases, the insolvent's creditors entitled to share in such distribution have been benefited in a

sum exceeding $69.39, and that in securing the disallowance of the Robitshek claim such creditors have been benefited in a sum exceeding $350. These findings were all predicated upon facts stated in the affidavit on which the application was made, and from them it does not appear that through the proceedings in which the order was secured a single dollar was added to the trust fund, directly or indirectly. The only result of the proceeding was the order. It is impossible to see wherein the estate was benefited by the steps taken in which these disbursements were made, and, unless this was made to appear, the court was powerless to make the allowance. This was unquestionably the view taken by the court below when it rejected the claim for legal services in the same matter. It was error to allow any part of the amount paid out on account of the proceeding under section 4249.

But the allowance of the sum of $350, found by the court to have been a proper amount for the services rendered, on account of attorney's fees in the litigation growing out of the appeal taken by the bank from the allowance of the Robitshek claim by the assignee, must be upheld. That claim amounted to $17,000, and at the trial below the court found that it had been allowed by collusion between the assignee, his attorneys, the claimant, and the insolvent, and an examination of the opinion of this court will disclose that the finding was well supported by the actual facts. A computation shows that the creditors who are entitled to share in the distribution of the funds, and for whose benefit this respondent took the appeal and carried on the litigation, will receive about $2,700 more with the Robitshek claim rejected than they would had it been allowed. The legal services rendered were of direct and substantial benefit to the participating creditors. The fund was thus protected for the benefit of several who had a common interest in it.

"It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority that where one of many parties, having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction, and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund it-

self, or by proportional contribution from those who accept the benefit of his efforts."

This excerpt is from Trustees v. Greenough, 105 U. S. 527, in which the cases are reviewed at length. This doctrine was approved and applied in Seibert v. Minneapolis, 58 Minn. 58, 57 N. W. 1068. It is applicable to administrations under the insolvency laws of this state, for in matters of detail these laws, as has been frequently stated, are quite incomplete. A like rule of practice was established under the old federal bankruptcy act. See In re O'Hara, 18 Fed. Cas. 622; In re Williams, 29 Fed. Cas. 1324, cited with approval in Trustees v. Greenough, supra.

The case is remanded, with direction that the court below disallow the item of $69.39, and reduce the amount specified in the order for payment in accordance herewith. But no statutory costs will be taxed against the respondent.