JOSEPH ROBITSHEK v. SWEDISH-AMERICAN NATIONAL BANK.

May 20, 1898.

Nos. 10,982—(85).·

Insolvency—Allowance of Claim—Res Judicata.

> *Held,* that the judgment entered in the court below in this proceeding was a bar to the granting of a certain petition made in behalf of this appellant, who was the respondent on a former appeal (68 Minn. 206).

Petition in the matter of the assignment of Jacob Skoll, insolvent, in the district court for Hennepin county. The substance of the petition is stated in the opinion. Upon the filing of the petition, September 3, 1897, the court made an order that the assignee of the insolvent and all persons interested show cause why the petition should not be granted. The Swedish-American Bank, a creditor of the insolvent, whose claim had been allowed, appeared and opposed the granting of the petition. On September 20, 1897, the court, Russell, J., made an order denying the petition and discharging the order to show cause. Subsequently the petitioner moved the court to vacate the last mentioned order, and on October 16, 1897, the court made an order denying the motion. From the order of September 20, 1897, as well as from the order of October 16, 1897, petitioner appealed. Affirmed.

*A. D. Smith,* for appellant.

*A. Ueland,* for respondent.

COLLINS, J.

This is the second appeal in this case, the opinion upon the first being reported in 68 Minn. 206, 71 N. W. 7. After the case was remanded to the court below, judgment was therein entered, in accordance with the conclusions of law, which judgment vacated the assignee's order allowing the claim, and, among other things, wholly rejected and disallowed the same, and further directed that the assignee pay no part of said claim out of the assets of said insolvent estate. The costs incurred by the appealing creditor, the Swedish-American National Bank, were duly taxed, allowed, and made a part of the judgment, and were afterwards paid by Robit-

shek. But in so far as the judgment related to his claim against the insolvent it has not been modified, vacated, or set aside. It is in full force and effect.

Some months afterward Robitshek petitioned the court below to set aside a stipulation mentioned in the former opinion, whereby an appeal taken by the original claimant had been dismissed, to substitute him as appellant in place of the original, and then to hear the appeal on the merits; or, if this relief could not be granted, that Robitshek be permitted to file his claim under the order of the court, and that the assignee be directed to allow or disallow the same, as he might deem proper, upon hearing the evidence. The present appeal is from an order denying the prayer of this petition and an order discharging the order to show cause.

After stating these facts, it is hardly necessary to go further, and to say that, if there was no other reason, the judgment before referred to effectually prevented the court from granting the relief mentioned in the petition, or any part of it. The moment that this judgment was entered it became operative as a bar, and it has remained so. No steps could be taken looking toward an allowance of the claim in question until the judgment was corrected, if improperly entered, or was set aside or vacated. We need not cite authorities to this proposition.

The order appealed from is affirmed.