## CORNELIA McCONNELL SPEARS v. CLARENCE E. DRAKE AND ANOTHER.[1]

January 4, 1935.

Nos. 29,861, 29,962.

*George E. MacKinnon,* for appellant.
*Cobb, Hoke, Benson, Krause & Faegre,* for respondents.

STONE, JUSTICE.

Two actions involving the same subject matter resulted in judgments for defendants, from which plaintiff appeals. Several appeals from orders will not be separately considered because the appeals from the judgments search the whole record.

The litigation has a long and involved history, a short summary of which will suffice to present an inescapable basis of decision. What plaintiff wants is a rescission of an executory contract for the purchase of a residence property. She was the vendee and defendants, husband and wife, the vendors. The first action seeking that relief was settled by stipulation of dismissal on the merits and a quitclaim deed from plaintiff and her husband, Dr. Clarence W. Spears, to defendant Clarence E. Drake. Claiming mistake in and a constructive fraud inducing the settlement, plaintiff moved for a vacation thereof and the documents effectuating it. That motion was made and submitted below on affidavits setting forth at length

[1] Reported in 258 N. W. 149.

the factual contentions of both plaintiff and defendants. It was denied on the merits. Judgment was then entered for defendants upon the stipulation for settlement and dismissal. Plaintiff appeals.

Then came plaintiff's second action seeking rescission as in the first, but also, and as condition precedent to the ultimate relief wanted, the setting aside of the settlement of the first action and the resulting judgment therein. The claims put forward by plaintiff as grounds for the latter relief were the same that had been advanced in support of the motion in the first action to vacate the settlement. That phase of the first suit was, by defendants, pleaded as a bar in the second. Their motion for judgment on the pleadings was granted, judgment for defendants was entered accordingly, and plaintiff appeals.

Plaintiff's contention is that the proper way to attack the settlement, which itself was a contract, was by an independent action. If so, what of it now? Plaintiff had the right, no one objecting, to proceed by motion. Here was the privilege to try the issue on affidavits if her adversaries were willing, as they were, to follow the same course. The point is that the issue was raised in the first action, fully litigated therein, and formally decided "on the merits," the record shows, and not on any point of mere procedure.

Whatever the potency of the order, by itself, to render the res judicata (see Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, and 19 R. C. L. 676), the judgment in the first action ends the matter. It creates an estoppel against plaintiff. Quite aside from the effect of a judgment as a bar to the same cause of action, a decision of such an issue (followed by judgment) actually litigated and decided on the merits, precludes resurrection of the question in a subsequent action between the same parties even though the later suit is on a different cause of action. Strictly speaking, the operation is that of estoppel by verdict or decision rather than as bar, although the result is the same. United States v. Moser, 266 U. S. 236, 45 S. Ct. 66, 69 L. ed. 262. Our cases are gathered in 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5162. The operation of litigation and decision by motion and order, as distinguished from trial, is illus-

trated by such cases as Truesdale v. Farmers L. & T. Co. 67 Minn. 454, 70 N. W. 568, 64 A. S. R. 430; Robitshek v. Swedish-Am. Nat. Bank, 72 Minn. 319, 75 N. W. 231; Fitterling v. Welch, 76 Minn. 441, 79 N. W. 500; Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320.

The failure to make the conventional findings does not qualify the effect of the decision of an issue by order where, as here, the issue has been actually litigated and submitted. The determinative thing is the fact of litigation and decision and not the form of procedure. It is too plain for further discussion that the judgment in the first action raises an estoppel against plaintiff's getting any relief in the second suit.

We cannot disturb the judgment in the first action for the simple reason that the decision upon which it rests disposes of determinative issues upon evidence reasonably supporting the decision, which was that the settlement would not be set aside for either mistake or fraud. It is not our function to retry the facts. Our whole concern is with the simple question whether the judgment finds support in the record. It has such support. To go into further detail would add nothing of value, so we refrain.

The appeals from orders will be dismissed.

Both judgments must be affirmed.

So ordered.

I. M. OLSEN, JUSTICE, took no part.