H. M. Cooper, Appellant, v. Gazette Company et al., Appellees.

No. 44447.

April 4, 1939.

Rehearing Denied September 22, 1939.

Boardman & Cartwright, for appellant.

Don Barnes, E. H. Wadsworth, and R. S. Milner, for appellees.

Hamilton, J.—This is an action to recover damages against the defendants as joint tort-feasors because of the publication in the Cedar Rapids Gazette of alleged libelous statements concerning the plaintiff. The Gazette Company is an Iowa corporation with its principal place of business in Cedar Rapids, Linn county, Iowa. Verne Marshall, editor in chief of said newspaper, also resides in Cedar Rapids. The defendants Dodd reside in Belle Plaine, Benton county, Iowa. Charles Dodd, 18-year-old son of Mr. and Mrs. Thomas Dodd, delivered the Gazette to some one thousand customers in Belle Plaine and vicinity over three routes by means of eight delivery boys, assisted by his parents. Cooper resided in Marshall county, Iowa. The original petition alleged that the defendants Dodd

were agents of the Gazette Company and that they sold, published, and distributed the newspaper containing the alleged libelous matter all at the instance and request of Marshall and the Gazette Company.

Before answering, the defendant, the Gazette Company, on September 10, 1935, filed a motion to strike, on the ground of misjoinder, the alleged cause of action against defendants Dodd and the names of said defendants because the facts stated in the petition did not show any joint liability or joint tort or wrong on the part of the defendant, the Gazette Company, with the other defendants, Charles Dodd, Thomas Dodd and Mrs. Thomas Dodd; that the joining of these defendants was for the purpose of obtaining jurisdiction in Benton county and to avoid trial in Linn county.

The motion is in three divisions. In division II, the defendant, the Gazette Company, subject to division I, moved to strike certain specific language contained in the petition for the reason that the same was redundant and surplusage and mere conclusions of the pleader, the record indicating that the plaintiff was not predicating his action upon the alleged agency of the defendants Dodd, as agents of the Gazette Company, but merely that the acts of said defendants Dodd did constitute them joint tort-feasors with the. Gazette Company. Division III is in the nature of an answer in which it is affirmatively alleged that the defendants Dodd were not at any time agents of the Gazette Company and moves to strike all allegations referring to the fact of agency for the reason that same are conclusions of law and the averments of agency are for the purpose of compelling the defendant, the Gazette Company, to defend said cause in Benton county and, in support of said motion, defendant refers to affidavits attached and made a part thereof. The affidavits all relate to the question of agency and set forth facts refuting the existence of such relationship.

On the 7th of May, 1937, an amendment to the petition was filed specifically alleging that the defendants were joint tort-feasors and joint wrong-doers in the matters in the petition complained of in that they each individually published and participated in the publication, distribution, circulation and sale of the libel, said publication being not only as agent of the defendant, the Gazette Company, but, also, by a personal publication by each individually and distribution by each indi-

vidually and by acting personally in the said publication and in their individual and personal behalf.

On July 14, 1937, a hearing was held on the motion at which time all of the affiants were called for the purpose of cross-examination and were cross-examined and orally examined on redirect examination, the evidence relating largely to the question of the relationship and method of business between the defendants Dodd and Marshall and the Gazette Company. At the conclusion of the hearing, the court took the matter under advisement and, on August 6, 1937, made a ruling in which it is recited: "The motion of the defendant, the Gazette Company, to strike the names of the defendants, Charles Dodd, Thomas Dodd and Mrs. Thomas Dodd upon the ground of misjoinder is overruled * * * The motion * * * to strike from the petition certain portions thereof is overruled." Similar motions were filed by Marshall and also by the Dodds which were likewise overruled.

Thereafter, on October 27, 1937, the defendants Verne Marshall and the Gazette Company filed their answer jointly, answering the petition in which they deny that they had an office or agency in Belle Plaine in charge of either of the defendants Dodd or that either of said Dodds were at any time agents and representatives of either the Gazette Company or Verne Marshall in the distribution, circulation and sale of the Cedar Rapids Gazette in Benton county, Iowa, or elsewhere and denying that said defendants Charles Dodd, Thomas Dodd and Mrs. Thomas Dodd and each of them were joint tort-feasors and joint wrong-doers in the matters in the petition complained of or that said parties published, or participated in the publication, distribution, circulation or sale of the alleged libel and denying that there was a personal publication or distribution, individually by the defendants Dodd or either of them, either by acting personally in said publication or in their individual and personal behalf.

Thereafter, on November 16, 1937, plaintiff filed a motion to strike the portion of defendants' answer in which they specifically denied the existence of agency between the Gazette Company and the defendants Dodd upon the ground that this particular matter had been fully submitted to the court and determined adversely to said answering defendants and that said matter was incompetent, irrelevant and immaterial, redundant

and surplusage and was the pleading of an opinion and conclusion; that the question of misjoinder had been theretofore argued and submitted to the court upon motions of the answering defendants attacking plaintiff's petition on the ground of misjoinder, which motions have been overruled and the answering defendants are now bound thereby. By way of amendment to said motion, plaintiff, on the 2d day of December, 1937, further stated that, at the time defendants' motion to strike was submitted to the court, a full hearing was had on the question of whether or not defendants Dodd were the agents of the defendant, the Gazette Company; that, in connection with the presentation of said motion, the defendants, through counsel, presented to the court a written brief and argument; that said written brief and argument contained, among other things, the following statement, viz: ''The question of whether or not Charles Dodd, Thomas Dodd and Mrs. Thomas Dodd, or any one of them is the agent of the Gazette Company is purely a question of fact and it may be tried out as a question of fact, either by agreement between the parties in advance of the trial or it will be necessary to proceed with the trial * * *. That issue has been presented to the court by affidavits and by cross-examination of the affiants by plaintiff's attorneys, and it clearly appears from the evidence and the transcript thereof that Charles Dodd was not an agent of the defendant, the Gazette company''; that it affirmatively appears, from the statement in the brief of the defendants, that the defendants did intend to fully submit to the court for determination the question as to whether or not the defendants Dodd were the agents of the Gazette Company in Benton county and that said matter of agency having been heretofore submitted to the court for determination and having been determined adversely to the claims and contentions of said defendants, said ruling is res adjudicata and the defendants cannot now re-try said matter of agency; that said ruling of the court was not appealed from and now constitutes the law of the case with reference to the question of said alleged agency. Plaintiff's said motion and amendment thereto to strike the answer of defendants was by the court overruled. The court stating:

''The court's position is that the plaintiff's petition and the amendment thereto alleges that the Gazette Company and

Verne Marshall maintained an agency in Benton county through the other defendants, and that all of the defendants were joint tort-feasors; and the court in its ruling on the defendants' motion on August 6, 1937, held no theory that there was a fact adjudication even though the motion was submitted upon affidavits on the part of the defendants, and cross-examination of affiants by the plaintiff.''

It is from this last ruling of the court that the plaintiff has perfected an appeal to this court.

The plaintiff's proposition is that the defendants having requested a determination by the court as to the existence of an agency which was one of the factual issues involved herein and said request having been made for the determination thereof prior to the trial and the parties having submitted to a formal hearing before the court upon said issues at which time testimony was taken, a full hearing had thereon and the matter having been duly litigated and submitted to the court for a determination by the court, the decision of the court on said issues constituted a binding adjudication and defendants are estopped from raising this same issue anew and in attempting to obtain another determination thereof; that the sole question before this court for determination is: Can the defendant, the Gazette Company, relitigate the matter of agency, it having been previously submitted on its own motion with an adverse ruling thereon? In other words, a factual issue having been submitted to the court on motion and determined adversely, can such factual issue be relitigated on a trial on the merits? The appellant cites and relies upon the following cases:. First National Bank & Trust Company v. Kirby, 62 S. D. 489, 253 N. W. 616; Halvorsen v. Orinoco Mining Company, 89 Minn. 470, 95 N. W. 320; Truesdale v. Farmers Loan & Trust Company, 67 Minn. 454, 70 N. W. 568, 64 Am. St. Rep. 430; Spears v. Drake, 193 Minn. 162, 258 N. W. 149; Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765; Kelley v. Cosgrove, 83 Iowa 229, 48 N. W. 979, 17 L. R. A. 779; and 42 C. J., page 558, paragraph 276.

Section 10963, Code of 1935, provides:

''The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others.''

This statutory provision affords a legal basis for defendants' attack upon the plaintiff's petition on the ground of misjoinder.

Section 11231 of the Code provides that testimony to sustain or resist a motion may be in the form of affidavits, or in such other form as the parties may agree on or the court or judge direct. If by affidavit, the person making the same may be required by the court or judge to appear and submit to cross-examination.

Undoubtedly, the defendants had in mind this statute when they supported their motion to strike by affidavits in which they undertook to show that there was no agency existing between the defendants Dodd and the Gazette company in Benton county and, hence, the parties were improperly joined. It was an anomalous procedure. However, the plaintiff in no way attacked the procedure, neither did the court on its own motion raise any question nor was there any agreement between the parties as to the procedure. That the court permitted the procedure and allowed the defendants to support their motion to strike by affidavits and likewise permitted the plaintiff to call the affiants to the witness stand for cross-examination clearly appears from the record, but it does not appear, from the record, that there was any agreement to try the issue of agency separate and apart from the other issues in the case for the purpose of determining whether the court had jurisdiction in Benton county over the defendants who resided in Linn county. The ruling of the court merely indicates that he overruled the defendants' motion to strike. Later on, in ruling on the plaintiff's motion to strike defendants' answer, the trial court states that he held no theory, at the time he ruled on the defendants' motion to strike, that he was determining the issue of fact or determining any issue on the merits. To indicate the rule relied upon by appellant, we quote briefly from some of the authorities cited. The South Dakota court, in the case of First National Bank & Trust Company v. Kirby, supra, makes the following pronouncement [62 S. D. 489, 253 N. W. 617]:

" * * * where an issue of fact is distinctly and formally presented to the court for determination, as a means of fixing the legal rights of the parties, the supporting evidence of both sides duly considered, and from which determination either

party may appeal, the decision of the court upon such issue ought to be held conclusive and final, without regard to the form in which such issue is presented—whether by action or motion; the important matter being that the issue be well defined, so as to preclude doubt as to what question was before the court; that it be fully heard and litigated, each side having an opportunity to be heard; and that the court should judicially pass upon and decide it. This being done, the determination as to the facts and rights involved should be final.''

In the case of Truesdale v. Farmers Loan & Trust Company, supra, the Minnesota court makes the following pronouncement [67 Minn. 454, 70 N. W. 571]:

''The correct rule is that in the case of an order affecting a substantial right, and appealable, when a full hearing has been had on a controverted question of fact, the decision of a point actually litigated upon the motion is an adjudication binding upon the parties, and conclusive to that extent. Dwight v. St. John, 25 N. Y. 203; Riggs v. Pursell, 74 N. Y. 370.''

The same rule is announced in Halvorsen v. Orinoco Mining Company, supra.

While not adopting the above mentioned rule of law announced by the courts of our sister states, yet, if we should apply the rule of law thus announced to the instant fact situation, we would be compelled to hold adversely to the appellant's contention. The motion to strike was an attack upon the pleading and there is nothing in the trial court's order indicating that he was passing on or that he did pass upon any fact question; on the contrary, the same trial court, in a subsequent ruling, expressly states he held no such theory. The decision made by the trial court was directed to the pleading and could be made without determining the question of agency and while an appeal would lie (Ellis v. Bruce, 215 Iowa 308, 245 N. W. 320) from the ruling on the motion to strike because of misjoinder, defendants were not obliged to appeal and unless such ruling indicated that the court of necessity was required and did rule on the fact issue of agency such fact issue would not be reviewable on an appeal from a ruling on the motion to strike. It cannot be said that the issue of agency was clearly before the court for determination or that the parties and the

court understood that the court was to pass upon and finally litigate this issue on its merits. It was only incidental to the question raised by the motion, viz., misjoinder.

Issues of fact in a law action are for the determination of the jury unless the jury be waived.

We conclude that there was no error in the ruling of the trial court and that the decision should be and is affirmed. Our conclusion finds support in the case In re Rinard's Estate, 224 Iowa 100, 275 N. W. 485.—Affirmed.

MITCHELL, C. J., and SAGER, OLIVER, BLISS, HALE, and MILLER, JJ., concur.