ANDREW SKOGLUND *vs.* MINNEAPOLIS STREET RAILWAY COMPANY.

February 13, 1891.

**Injuries to Husband and Wife—Successive Actions by Husband— Former Recovery.**—Plaintiff and his wife were at the same time injured in their persons by the same alleged act of negligence of the defendant. *Held*, that a recovery by plaintiff for the injury to his person is no bar to an action by him to recover for loss of the society and services of his wife, and for expenses in effecting her cure, caused by the injury to her.

Action brought in the district court for Hennepin county, to recover $3,400 damages for injuries to plaintiff's wife. The plaintiff appeals from an order by *Lochren, J.*, refusing a new trial after a dismissal ordered at the trial.

*Merrick & Merrick*, for appellant.

*Koon, Whelan & Bennett*, for respondent.

GILFILLAN, C. J. The plaintiff and his wife, while riding in one of defendant's cars, were both at the same time injured by the same accident or act of negligence of defendant. Plaintiff brought an action, and recovered for the injury to himself. He brings this action alleging the negligence of the defendant, the injury to his wife, in consequence whereof he lost her services and society, and was put to expenses for physicians and medicines and the care of his wife. In its answer the defendant alleged the former action and recovery by plaintiff in bar of this action, and the court below held it a bar, and ordered judgment for defendant on the pleadings. This appeal is from an order denying plaintiff's motion for a new trial. The case raises the question, was the cause of action in the first action the same as in this? Is this an attempt to recover damages that belonged to that cause of action? We think the decision of the court below was erroneous, not because one action was to recover for an injury to what are termed the absolute rights of plaintiff, and the other for injury to his relative rights, or rights he possessed by reason of his relation to his wife, but because his right to recover in

this case will depend on a different state of facts from those which would sustain a recovery in the other case.    In the action for injury to himself all he needed to show, in order to recover nominal damages at least, was the negligence of the defendant and the consequent injury to himself.    But proof of the negligence and injury to the wife would not sustain the husband's action in this case.    The cause of action which those facts alone show belongs to the wife.    Those facts go to make up the husband's cause of action, but alone they are not enough.    In addition to them there must exist the fact that, by reason of the injury so caused, he has been deprived of her society or services, or has been put to expense.    Such loss is of the substance of his cause of action.    As said in *Todd* v. *Redford,* 11 Mod. 264 : "Husband and wife cannot join in assault and battery *per quod consortium amisit,* for the *per quod* in such case is the gist of the action." In other words, the gist of the husband's cause of action on account of an injury to his wife is not the injury itself, but the consequence of the injury in depriving him of his common-law right to her society or services, or in imposing on him the common-law duty to care for her.    A case may easily be imagined where, for an injury to her person, a cause of action—a technical cause of action at least—would instantly accrue to the wife, but where none would ever accrue to the husband, for the reason that none of the above injurious consequences to his relative rights would follow.    Where a cause of action arises from a wrongful injury, it arises at once ; and in such case the subsequently ascertained or developed consequences of the injury are items that might exist without them.    But in an action by a husband on account of an injury to his wife, the consequences of loss of her society or services are not items of damages pertaining to an already existing cause of action, or to a cause of action which might exist without them, but they are essential to the cause of action itself, which cannot arise until such consequences have followed the injury.    If it could be said that the plaintiff's cause of action in his first action arose upon the negligence alone, then all the injurious consequences of that negligence, the injury to his person, the loss of his wife's society and services, caused by the injury to her person, might be re-

garded as items of damage in that cause of action. But no cause of action could accrue upon the negligence alone. That cause of action accrued only upon injury to his person caused by the negligence, and, when they concurred, his cause of action was complete. The loss of his wife's services had no connection with that injury. That cause of action was not a consequence of it, and not an item of damage pertaining to it. His right to recover for such loss was independent, and would have existed had that cause of action not accrued.

We have been able to find but two cases in the United States analogous to this. In *Cincinnati, etc., R. Co.* v. *Chester*, 57 Ind. 297, the plaintiff had joined in one count a cause of action for an injury to himself with a claim for damages for loss of services of his wife, and for expenses in healing injuries to his child; the three having been injured at the same time by the same negligence of defendant. On defendant's motion to require plaintiff to state the separate claims for damage in separate counts or paragraphs, the supreme court held the motion properly denied, saying: "It seems to us * * * they would really constitute but a single cause of action." *Town of Newbury* v. *Conn., etc., R. Co.*, 25 Vt. 377, was an action by the town to recover damages it had been compelled to pay for an injury to the person caused by a defect in a highway which, as between it and the town, defendant was under a duty to keep in repair. Husband and wife were at the same time injured in consequence of the defect. The husband sued the town for the injury to himself, recovered judgment, which the town paid, and sued and recovered against defendant for that. The husband also sued the town and recovered judgment on account of the injury to his wife, and the town paid it, and sued defendant for it. The defendant pleaded in bar the former recovery against it. Speaking of the recovery against the town on account of the injury to the wife, in reference to the recovery for injury to the husband, the court, Redfield, C. J., said: "For it is as much a distinct matter as if the persons had been strangers to each other, and as much, I think, as if the persons had been injured at different times, by reason of the same neglect of defendant." The two cases seem directly

opposed to each other, though neither is particularly satisfactory as an authority. · So far as they determine the question here involved, the latter is more consistent with principle.

Order reversed.