J. R. WATKINS MEDICAL COMPANY v. J. H. SANDS and Others.[1]

May 31, 1900.

Nos. 12,036—(103).

**Trade-Mark—Injunction—Complaint Good.**

In an action brought to enjoin the use of certain trade-marks, complaint examined, and *held* to state a cause of action.

[1] Reported in 82 N. W. 1109.

Appeal by plaintiff from an order of the district court for Winona county, Snow, J., sustaining a demurrer to the first cause of action set forth in the complaint. Reversed.

*Tawney, Smith & Tawney,* for appellant.

*William T. Valentine* and *Burr D. Blair,* for respondents.

LEWIS, J.

This action is brought to enjoin defendants from manufacturing and selling any imitation of plaintiff's proprietary medicine, and for damages for so doing. Defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and from an order sustaining the demurrer plaintiff appeals. The material parts of the complaint necessary to consider are as follows:

"(3) That one J. R. Watkins, on and for more than twenty-three years next prior to the 11th day of January, 1894, manufactured a medical preparation known as 'Dr. Ward's Liniment,' which during all of said time he offered for sale and sold in bottles marked with his own proper device and trade-mark, adopted and used by the said J. R. Watkins with a full and complete right so to do, from on or about the 14th day of May, 1870, to the said 11th day of January, 1894, which device and trade-mark was as follows, to-wit: The words and letters 'Dr. Ward's Liniment,' lettered and blown into the glass on the side of each of the bottles in which said medical preparation was contained.

(4) That on or about said 14th day of May, 1870, while the said J. R. Watkins was engaged in the manufacture and sale of the medical preparations as aforesaid, he labelled and inclosed, and caused the bottles containing said medical preparation to be labelled and inclosed, in paper wrappers, on which was affixed, stamped, and printed his own proper device and trade-mark, adopted and used by him from said 14th day of May, 1870, to the 11th day of January, 1894, which device and trade-mark was in the following words and letters, to-wit, 'Dr. Ward's Vegetable Anodyne Liniment,' and which device and trade-mark was duly registered by the said J. R. Watkins on or about the 14th day of May, 1870, in conformity with an act of congress entitled 'An act to amend the several acts respecting copyrights.'

(5) That on or about the 24th day of May, 1893, while the said J. R. Watkins was so engaged in the manufacture and sale of the medical preparation as aforesaid, he caused the words and letters, to-wit, 'Dr. Ward's,' with a line passing horizontally through the center of said words and letters, to be lettered and blown into the glass of each of the bottles containing said medical preparation,

and also caused said words and letters to be stamped and printed on the paper wrappers in which said bottles were inclosed, as hereinbefore set forth, which words, letters, device, and trade-mark said J. R. Watkins duly adopted and used as his own device and trade-mark from said 24th day of May, 1893, to the 11th day of January, 1894, and which trade-mark the said J. R. Watkins duly filed for record in the office of the secretary of state of Minnesota, and which was duly recorded therein as such trade-mark, on the 24th day of May, 1893.

(6) That on or about the 11th day of January, 1894, said J. R. Watkins, for value received, sold, assigned, and made over to this plaintiff all of his right, title, and interest in and to said trademarks and devices, and all of his rights to manufacture and sell said medical preparation known as 'Dr. Ward's Liniment,' and 'Dr. Ward's Vegetable Anodyne Liniment,' in the state of Minnesota and elsewhere, and all of his right, title, and interest in and to the formula or receipt for making the same."

1. The principal objection urged in the court below and in this court is that the complaint admits upon its face that plaintiff's predecessor was not the first to adopt the so-called trade-mark Section 3 of the complaint states with sufficient definiteness that one J. R. Watkins adopted and used from May 14, 1870, to January 11, 1894, the words and letters "Dr. Ward's Liniment," and that he during that time manufactured a medical preparation known by that name. There is nothing in this language or in the other sections referred to which can reasonably be taken as an admission that these words had prior to that time been in use. The fair meaning of this language is that Watkins was the first to use the name.

2. It is further submitted that the names "Dr. Ward's Liniment," "Dr. Ward's Vegetable Anodyne Liniment," and "Dr. Ward's," with a line passing horizontally through the words, are merely descriptive of an article of trade, and not susceptible of being made trademarks. We will not go generally into the subject of what words may constitute a trade-mark. It is not necessary. The complaint states that plaintiff's predecessor had adopted and used the first two above-described devices for over twenty years, and that plaintiff had succeeded to all his rights to the use of the same. The general rules of law in reference to trade-marks are discussed in Cigar-Makers P. Union v. Conhaim, 40 Minn. 243, 41 N. W. 943. The

prominent idea is the selection of some words or device to distinguish certain productions, so as to protect them from competition. The name of the inventor or any other name is proper which becomes associated with the business or attached to the goods to such an extent as to become valuable as a species of property. McLean v. Fleming, 96 U. S. 245; Howe v. Howe, 50 Barb. 236; Fulton v. Sellers, 4 Brewst. 42. The complaint states sufficiently that the above devices or combination of words had been adopted and used by plaintiff's predecessor, and that the public generally had come to know the medical preparations referred to by those names.

Order reversed.