Stern vs. Riches.

STERN, Respondent, vs. RICHES, Appellant.

*September 27 — October 15, 1901.*

*Attachment: Levy: Exemptions: Replevin: Single action.*

1. Where an officer levies upon property exempt by plain provisions of the statute he commits an actionable wrong in respect thereto as soon as he deprives the debtor thereof.
2. Under secs. 2982, 2982a, Stats. 1898, an officer holding a writ of attachment may levy upon an entire stock of goods belonging to the defendant, subject to his exemptions, and retain possession thereof

for a reasonable length of time for the making of an inventory and appraisement and the selection of exemptions, but if he unreasonably deprives the defendant of an opportunity to make a selection of his exempt property, or refuses to recognize his right thereto upon the particular articles being designated and demanded, he becomes a trespasser *ab initio*.

3. An officer holding a writ of attachment levied at the same time upon a horse and wagon which were clearly exempt and upon a stock of merchandise from which the debtor was entitled to select certain exemptions. Although he caused an appraisal to be made and permitted the debtor to select such exemptions, he refused to deliver up the articles selected upon demand. The debtor thereupon commenced an action to recover them, and the next day commenced an independent action to recover the horse and wagon. *Held,* that the debtor's right to recover all the exempt property was single and that but one action therefor could be maintained.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action of replevin. Defendant pleaded a former recovery for the alleged wrong. The following facts were established by the evidence: December 26, 1900, plaintiff was the owner and in possession of a horse and other personal property sought to be recovered in this action, and also a stock of merchandise and store fixtures located in a grocery store kept by her. All the property mentioned was at the same time levied upon by defendant as constable and taken into his possession under a writ of attachment against plaintiff's property. Thereafter plaintiff requested defendant to cause an inventory and appraisement of the store goods and fixtures to be made pursuant to the statute, in order that she might select her exemptions. An inventory and appraisement were made accordingly, whereupon plaintiff selected $200 in value of the property according to the appraisal, made a list thereof, and demanded possession of the same of defendant. The demand was refused. On January 2d thereafter, plaintiff commenced an action of replevin in the municipal court of Douglas county to recover the property so

Stern vs. Riches.

demanded. The next day, in the same court, this action was commenced to recover the horse and other property mentioned. Such proceedings were had in the first action that plaintiff recovered judgment. Thereafter this action was brought up for trial and the first recovery was pleaded as a bar to its prosecution. Judgment was rendered in favor of defendant. The cause was thereafter removed by appeal to the circuit court for Douglas county, where it was tried and upon proof of the facts before stated a verdict was directed in favor of defendant, upon which judgment was rendered.

For the appellant there was a brief by *Victor Linley,* and oral argument by *C. H. Crownhart.*

For the respondent there was a brief by *A. T. Rock* and *Ross, Dwyer & Hile,* and oral argument by *Mr. Rock.* They argued, among other things, that but one action should have been brought to recover both lots of alleged exemptions, and that the judgment rendered and entered in the first action is a bar to this action. *Dick v. Webster,* 6 Wis. 481; *Borngesser v. Harrison,* 12 Wis. 544; *Kaehler v. Dobberpuhl,* 60 Wis. 256; *Bowe v. Minn. M. Co.* 44 Minn. 460; *O'Neal v. Brown,* 21 Ala. 482; *Marble v. Keyes,* 9 Gray, 221; *Folsom v. Clemence,* 119 Mass. 473; *Farrington v. Payne,* 15 Johns. 432; *Brannenburg v. I., P. & C. R. Co.* 13 Ind. 103; *Binicker v. H. & St. J. R. Co.* 83 Mo. 660; *Cincinnati, H. & D. R. Co. v. Chester,* 57 Ind. 297; *Funk v. Funk,* 35 Mo. App. 246; *Cracraft v. Cochran,* 16 Iowa, 301; *Secor v. Sturgis,* 16 N. Y. 548; *Barnard v. Devine,* 34 Misc. (N. Y.), 182, and cases cited; *Perry v. Dickerson,* 85 N. Y. 347.

MARSHALL, J. There can be but one action to redress a single wrong. The law does not permit a person to indulge in useless and vexatious litigation by splitting up a cause of action and prosecuting several suits of the same or different natures. No principle is better settled than that. The

learned trial court decided that the levy upon the property sought to be recovered in this action, and that upon the property involved in the first action of replevin, were a single act and an inseparable wrong, giving rise to but one cause of action; and that the commencement of the first action precluded maintenance of the second.

Appellant does not contend but that the general rule is that, where one wrongfully deprives another of several articles of personal property by a single act, but one cause of action thereby accrues to such other; and that, while he may have an election of remedies, when he makes his election he must pursue his remedy by a single action. That is the settled law as may be seen by reference to the following: *Farrington v. Payne*, 15 Johns. 432; *Herriter v. Porter*, 23 Cal. 385; *Draper v. Stouvenel*, 38 N. Y. 219; *Marble v. Keyes*, 9 Gray, 221; *Barnard v. Devine*, 34 Misc. (N. Y.), 182; *Reilly v. Sicilian A. P. Co.* 31 App. Div. 302; *Funk v. Funk*, 35 Mo. App. 246; *Bennett v. Hood*, 1 Allen, 47; *Trask v. H. & N. H. R. Co.* 2 Allen, 331; *McCaffrey v. Carter*, 125 Mass. 330; *Sullivan v. Baxter*, 150 Mass. 261; *Folsom v. Clemence*, 119 Mass. 473. The rule has been strictly enforced by courts as the following clearly indicates. In *Folsom v. Clemence* the plaintiff inadvertently omitted several articles of property in bringing his first action. Nevertheless the court held that the judgment in such action was a bar to the prosecution of an action to recover such omitted articles. In *Sullivan v. Baxter* there was the same ruling. In *McCaffrey v. Carter* it was held that even where part of the articles wrongfully withheld from plaintiff by the defendant were omitted from the first action through the fraud of the latter a second action could not be maintained. That is an extreme application of the rule,— one that could not be followed without hesitation and careful consideration. Many cases hold that the judgment in the first action is a bar to a second action only so far as the plaintiff knew or

ought to have known of the facts in time to have included the omitted articles in such first action. *Moran v. Plankinton*, 64 Mo. 337; *Farrington v. Payne, supra. Marble v. Keyes, supra*, was in many respects like this case. An officer, under a writ of attachment, levied upon a stock of goods and upon a harness and wagon which were located in a barn a quarter of a mile from the store where the goods were situated. An action was commenced which proceeded to judgment for the store goods, and that was held to be a bar to an action to recover the harness and wagon.

Applying the foregoing to the facts of this case, there can be no doubt that the claim of appellant to all the property taken by respondent under the writ of attachment was single and enforceable in one action, unless it was separable because the wrong, as to the store goods, was not complete till respondent refused to deliver the same after the appraisement of the stock, the designation by appellant of the articles claimed by her, and the refusal to comply with her demand for possession thereof. While she testified that the property involved in this action was located some distance from the store, and that she did not know it was taken by the officer till some days after she received knowledge that the other property had been taken, she knew all the facts when the first action was commenced and so cannot defend her failure to include all the property therein by the plea of ignorance, if we were to hold that want of knowledge of the facts would constitute an excuse for such failure, as held in some of the cases cited.

The right of plaintiff to her horse and the property other than the store goods and fixtures did not depend upon any act upon her part in selecting the same out of a quantity of property of the same character. She had no other property of the same nature. It was exempt by plain provisions of the statutes, hence respondent committed an actionable wrong in respect thereto as soon as he deprived appellant

thereof. *Gilman v. Williams*, 7 Wis. 329; *Cole v. Green*, 21 Ill. 104; *Savage v. Davis*, 134 Mass. 401. But the law in respect to the exemption of property from attachment, of the character of that involved in the first action (subd. 8, sec. 2982, Stats. 1898), clearly contemplates that an officer holding a writ of attachment may·levy upon an entire stock of goods belonging to the defendant, subject to his exemptions, and retain possession thereof for a reasonable length of time to enable such officer to make an inventory and appraisement thereof and to permit the defendant to select and claim and receive a return of the exempt property; and that, if the ·exemption right is not asserted within a reasonable time, it will be deemed waived. Sec. 2982a, Stats. 1898, provides that, "Whenever personal property shall be seized on attachment or execution and ˙any part thereof shall be exempt from such seizure under any provision of law exempting to the debtor property of like kind to a specific amount in value and such exemption shall be claimed on the part of the debtor or his wife the officer making such seizure shall, upon request by either of them, or may upon his own motion, cause said exempt property to be appraised, . . . for the purpose of such exemption." Under similar statutes elsewhere it has been held that the officer, by merely levying. upon property, does not become a trespasser; that he has a right to take such possession thereof as is necessary to enable him to make an inventory and appraisal of the same. *Bonnel v. Dunn*, 29 N. J. Law, 435; *Town v. Elmore*, 38˙ Mich. 305; *Vanderhorst v. Bacon*, 38 Mich. 669.

Our statute, as held in the last case cited, clearly makes it the duty of the officer to inventory the property at the place where it is levied upon, if seasonably demanded by the defendant, and makes such inventory and the required appraisement of the property, and subsequent recognition of the rights of the defendant to the articles selected as exempt, essential to the validity of the levy. If the officer

unreasonably deprives the defendant of an opportunity to make a selection of his exempt property, or refuses to recognize the right to the exempt property upon the particular articles claimed being designated and demanded, he is guilty of such an abuse of process as to render him a trespasser *ab initio.* He has no right to take the exempt property at all, except subject to the right of exemption, and if he disregards such right by refusing to make the inventory and· appraisal required by statute when requested by the defendant, or refusing to set aside and deliver to ·the defendant, upon demand therefor, the articles selected as exempt, evincing that the levy was not made subject to but in defiance of the exemption right, he is guilty of an abuse of process and is a trespasser *ab initio.* Sec. 2982, Stats. 1898, provides, as to property exempt under subd. 8 as well as under every other subdivision of the section, that it is not liable to seizure on attachment or execution. Looking at that with sec. 2982*a*, it is evident that a seizure of property under subd. 8 is not a completed wrong till the invasion of the owner's right of exemption is complete, and that then the wrong dates from the first interference with the property. Our statute was taken from Michigan with the construction ·above indicated. It differs from the Michigan statute in that it does not require the officer making an attachment upon property, under ·circumstances such as existed in this case, to cause an inventory and appraisement thereof to be made and to give to the defendant the full benefit of the exemption right whether he demands it or not. But the two statutes seem identical as to requiring that the defendant shall have reasonable opportunity to exercise the exemption right; that when exercised it shall be respected; and that a levy in defiance of such right is illegal.

From what has been said we reach the conclusion that the conduct of respondent prior to the commencement of the first action of replevin rendered him a wrongdoer as to

the property involved in that action from the time of the taking thereof and that the same wrong included taking the property involved in this action.    That is in accordance with the decision of the trial court and requires an affirmance of the judgment appealed from.

*By the Court.*— The judgment appealed from is affirmed.

