## MARYLAND CASUALTY COMPANY v. W. A. BAUNE.[1]

December 4, 1931.

No. 28,632.

*George H. Spear* and *James E. Gardner,* for appellant.
*Barrows, Stewart, Jackson & Junkin,* for respondent.

STONE, J.

After decision for plaintiff, defendant appeals from the order denying his motion for amended findings or a new trial.

The suit arises out of three state timber sale permits originally issued to defendant. Plaintiff became his surety for payment of the purchase price. In applying for the bond defendant obligated himself to indemnify plaintiff against any loss by reason of the latter's suretyship. The permits were assigned by defendant to one Stenback. Plaintiff not only consented to the assignment but also became surety for Stenback. It did not issue a separate bond, but agreed in writing "to remain bound unto the said state of Minnesota, for the faithful performance" of the three timber permits "in all respects the same as if" they "had been originally issued to said John Stenback."

After defendant's assignment of the permits to Stenback and plaintiff's becoming surety for the latter as well as for defendant, all annual premiums accruing upon the bond or bonds were collected by plaintiff from Stenback.

[1]Reported in 239 N. W. 598.

Stenback defaulted, whereupon the state sued him, defendant, and plaintiff, and recovered judgment in 1925 for upwards of $3,000. In so far as it exceeded the amount for which plaintiff was liable as surety, defendant as original purchaser of the timber permits has paid the judgment. To the extent of its liability as surety plaintiff also paid. But, claiming as surety the right to subrogation to the remedy of the judgment creditor, it took from the state an assignment rather than a satisfaction of the judgment.

Thereafter, in 1928, there was prosecuted to judgment in the district court of St. Louis county an action wherein defendant was plaintiff and the present plaintiff was defendant. Its sole purpose, accomplished by the judgment, was permanently to enjoin plaintiff, as assignee thereof, from enforcing against defendant, "by execution, levy and sale, or otherwise," the state's original judgment. That judgment in the St. Louis county case is pleaded in bar of this action.

Notwithstanding that action and the judgment for defendant, this suit was later commenced in Hennepin county to recover from defendant on his contract of indemnity, made with plaintiff when the latter became surety for him. The complaint set up the whole matter, from the issue of the permits, through their assignment to Stenback, to the state's judgment and plaintiff's payment of part thereof as required by the terms of its suretyship for both Stenback and defendant. The decision below awards full recovery on that theory to plaintiff.

Defendant all the time remained primarily liable to the state, notwithstanding his assignment to Stenback. The original situation as between Stenback and defendant, and plaintiff as surety for both, and its effect, if any, on plaintiff's rights as against defendant, can be put aside. The judgment in the injunction suit in St. Louis county bars this action.

As surety, plaintiff was entitled to be subrogated to the position and remedies of the state as judgment creditor. If as a result it had any valid demand against defendant, it was single, the right to indemnity, on defendant's original contract of indemnity or inde-

pendently of any contract and because merely of its suretyship. To enforce that one demand it had two remedies: (1) It could, as it did, take an assignment of the judgment (1 Mason, 1927, § 6394-18, and see also G. S. 1923 [2 Mason, 1927] §§ 9410, 9411) and enforce it against any judgment debtor liable over for contribution or indemnity; or (2) it could sue defendant, as it is doing in this action. The singleness of plaintiff's claim, if it had one, is as plain as the two remedies for its enforcement. The cause of action now asserted is the identical demand or right which was plaintiff's sole and only possible defense in the former action. The pleadings and decision therein are in the record. They demonstrate that the only claim actually litigated and decided was precisely the one which makes the only issue in this case. In both cases the obligation asserted by plaintiff was defendant's supposed duty to indemnify. In both, plaintiff's claim is expressly based, by pleading and proof, on defendant's original express contract to indemnify it.

However we look at the former judgment, it bars this action. It is not identity of subject matter (Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725) but identity of the claim or demand actually litigated, decided, and settled by judgment that estops plaintiff. Aside from the precise question of the former judgment as a judicial negation of plaintiff's case, the very claim now made by plaintiff is proved to have been litigated in the former action and decided adversely to it. Therein the same issue was actually "litigated and determined," and so plaintiff is estopped from again asserting it by action. Olson v. Shephard, 172 Minn. 290, 215 N. W. 211; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412; 3 Dunnell, Minn. Dig. (2 ed.) §§ 5161-5163. That the former judgment was one in equity and the present suit is at law is immaterial. 34 C. J. 760; Eder v. Fink, 147 Minn. 438, 180 N. W. 542.

The order appealed from must be reversed with directions to enter judgment for defendant.

So ordered.