# HANS M. MYHRA v. DAVID J. M. PARK AND ANOTHER.[1]

January 18, 1935.

No. 30,170.

*Alexander Fosmark* and *Olav E. Vaule,* for appellant.
*George L. Bargen,* for respondents.

[1]Reported in 258 N. W. 515.

Julius J. Olson, Justice.

Plaintiff while driving his car came into collision at an intersection of two highways with a truck driven by a servant and employe of defendant Park. Claiming that the accident was caused by the negligence of the truck driver, plaintiff brought action against the defendant Park, who was the only defendant in that action. Park duly answered, denying negligence on the part of his driver, alleged contributory negligence on the part of plaintiff, and also pleaded a counterclaim charging plaintiff with being negligent and that this was the sole cause of collision and consequent damages to the truck. The reply denied the new matters pleaded by defendant. Trial was had and a general verdict rendered in favor of defendant Park, pursuant to which judgment was duly entered. In the action just mentioned plaintiff limited his claim for recovery to damages to his car and to his person. There was no claim made for damages plaintiff suffered by reason of injuries to his wife, who was riding with him when the accident occurred. The instant action was thereafter brought by him against the present defendants upon the same alleged negligent cause as that set forth in the first action, his present action being to recover moneys expended for medical and hospital treatment of his wife, for the loss of her services, and the comfort and happiness of her society and companionship. Each defendant answered separately, both denying negligence and alleging contributory negligence on plaintiff's part. As further defense they pleaded the former action and resulting verdict and judgment. Plaintiff replied, denying all new matter pleaded in the respective answers. Defendants thereupon moved the trial court to have the replies so interposed, in so far as the same denied the defense of estoppel by verdict and in bar by virtue of the former judgment, stricken as sham and frivolous and that they have judgment notwithstanding the same. The court granted the relief thus sought, and judgment was entered against the plaintiff that he recover nothing from the defendants or either of them, and that they recover from plaintiff their costs and disbursements. Plaintiff thereupon perfected this appeal.

292

The questions submitted for determination are whether the court erred (1) in striking plaintiff's replies under the circumstances hereinbefore stated; (2) in ordering judgment in favor of defendants and against the plaintiff notwithstanding the same; and (3) in any event, whether such relief should be granted defendant Johnson, he not being a party to the first action. (Johnson was the servant and employe of defendant Park and was the driver of the truck involved in the accident.)

■ It is obvious that there is only one negligent act upon which plaintiff's cause or causes of action may be founded. So the only inquiry presented is whether a negligent act giving rise to several items of damage may be made the basis for several actions to recover therefor as against the tortfeasor on the part of the individual who•has suffered these damages. In King v. C. M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 1114, 50 L. R. A. 161, 81 A. S. R. 238, a question very similar to the present, if not identical, was presented for determination. There plaintiff brought an action to recover property damage after he had previously collected a judgment in his favor for injuries to his person arising out of the same accident and the same negligent act. The court said [80 Minn. 88, 89]:

"We are of the opinion that the cause of action consists of the negligent act which produced the effect, rather than in the effect of the act in its application to different primary rights, and that the injury to the person and property as a result of the original cause gives rise to different items of damage. The natural rights mentioned in the constitution and statutes are of a personal character, all centering in the person; and the enactments referred to are intended to preserve them under the various phases of life, in the most practicable manner, as viewed by the legislature. But, because the distinction in reference to personal and property rights has been made, as noticed by respondent, it does not follow that those statutes were intended to definitely provide for separate remedies under the circumstances presented in this case.

"Our attention has been called to the case of Skoglund v. Minneapolis St. Ry. Co. 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222,

22 A. S. R. 733. We cannot accept the reasoning of the court in that case as applicable to the one before us. The facts were different, and it is not necessary at this time to review it. The rule there applied should certainly not be extended. The views we have adopted seem to us more in harmony with the tendency toward simplicity and directness in the determination of controversial rights. That rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject."

If then the cause of action consists of or is founded upon the negligent act which produced the effect, rather than the effect of that act upon different primary rights, plaintiff never had more than one cause of action. That this is sound in law and logic cannot well be denied. There can be no logical justification for holding that an action for injuries to plaintiff's person bars a subsequent action for damages to his car but does not bar a subsequent action for damages flowing from and out of the same accident causing injuries to his wife. The damages are founded upon and are caused by the same negligent act or omission. If such negligent act or omission is not the cause, then there is no cause of action at all for any recovery.

Plaintiff cites and relies upon the case of Skoglund v. Minneapolis St. Ry. Co. 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222, 22 A. S. R. 733. That case harmonized with plaintiff's view. But it is out of alignment with the King case, 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 A. S. R. 238; also with the great weight of authority that counsel's research and our own have discovered. There should be "simplicity and directness in the determination of controversial rights." 80 Minn. 89. The fact that the Skoglund case has never been followed strongly indicates that the bar has never considered it as an authority for splitting causes of action. If plaintiff had prevailed in the first cause, assuming plaintiff's

294

position tenable and the theory of the Skoglund case applicable, the only question for fact determination in the instant case would be the amount of his damages. That is so because in Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8, it was held that all issues concerning defendant's negligence and plaintiff's contributory negligence had been disposed of in a prior action where those issues were involved, thus leaving for determination only the amount and extent of plaintiff's damages in the later case. Any plaintiff could, under plaintiff's theory, be permitted to bring his first action for damages to his car. If he was successful therein, his next action would then be to recover damages to his person. Another action could be brought to recover damages for loss of services, medical expenses, and other items for injuries to his wife. If he had minor children also injured in the same accident, he could bring successive actions for the loss of services and expenses incurred for each of them. And if in any such action a plaintiff was defeated, as he was here, he could still proceed with as many actions as there were different items of injury flowing to him and issuing out of the accident. Such result is abhorrent to reason. It would clog our courts with needless and almost endless litigation. The absurdity of such situation and the evils flowing therefrom are apparent.

In Liimatainen v. St. Louis River D. & I. Co. 119 Minn. 238, 243, 137 N. W. 1099, 1100, the court said:

"In other words, a cause of action for wrong is predicated upon the violation of an ultimate duty, and though the performance of such duty may require the doing or omission of many separate and distinct acts, the omission or doing of which would constitute violation of the ultimate duty, it is nevertheless the violation of the latter, and not the specific acts or omissions, which constitutes the actionable wrong or delict." (Citing cases.)

In McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 209, 211, 149 N. W. 131, 133, L. R. A. 1916D, 1164, where prior cases of this court are cited, the court said:

"In suits based upon negligence, the cause of action is the violation of the ultimate duty to exercise due care that another may not suffer injury."

In Vineseck v. G. N. Ry. Co. 136 Minn. 96, 100, 161 N. W. 494, 496, 2 A. L. R. 530, this court said:

"The decision of the question [*res judicata*] involves the elementary rule that a single cause of action cannot be split or divided and independent actions brought upon each separated part. The rule is well established by the courts and is strictly followed and applied. [Citing authorities.] In actions in tort for personal injuries, like the case at bar, each item of injury must be included in one suit, and, if voluntarily omitted, no further action can be maintained thereon. In short, *the judgment in such an action precludes the parties as to all issues and questions, all items of injury or damages, which were or could have been litigated therein.*" (Italics ours.)

The exception to the rule quoted by the court (*Id.* 101) is not involved in this action. Smith v. Cincinnati, N. O. & T. P. Ry. Co. 136 Tenn. 282, 189 S. W. 367, L. R. A. 1917C, 543; Underwood v. Dooley, 197 N. C. 100, 147 S. E. 686, 64 A. L. R. 656. See annotations 64 A. L. R. 663, *et seq.*, where the majority and minority rules are discussed. Poling v. Washington L. & T. Co. 53 App. D. C. 212, 289 F. 610; Stern v. Riches, 111 Wis. 591, 87 N. W. 555, 87 A. S. R. 892; 2 Freeman, Judgments (5 ed.) § 610. Estoppel by judgment and estoppel by verdict are discussed in 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 5161, 5162, 5163. See also Spears v. Drake, 193 Minn. 162, 258 N. W. 149.

Plaintiff argues that the verdict in the former case could have been founded upon any of three fact issues there involved: (1) That defendant's servant (Johnson) was not guilty of negligence; (2) that plaintiff himself was contributorily negligent; or (3) that neither party was negligent and that the accident was purely unavoidable. Because the verdict is general, so his argument proceeds, no one can tell upon what ground the jury based its verdict. In support thereof he cites Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166, and many other cases. There is no question about the rule. But plaintiff can get no comfort therefrom because a finding upon any of the fact issues here involved

against him defeats his present claim as fully and as effectively as did the verdict in the prior case. The verdict and judgment in the prior action ended the matter. The fact issues having been litigated and decided on the merits in the prior action, plaintiff is now precluded from resurrecting any of them. In re Estate of Holum, 179 Minn. 315, 229 N. W. 133; Maryland Cas. Co. v. Banne, 184 Minn. 550, 239 N. W. 598.

■ In view of the facts appearing in the instant case, is estoppel by verdict or bar by judgment available to the defendant Tim Johnson? Plaintiff asserts that because Johnson was not a party to the former action there can be no estoppel as to him. The liability of defendant Park necessarily depended upon whether there was negligence on the part of his servant at the time and place of the accident. There is no question but that Park assumed responsibility for his servant's acts and conduct, even were that open to dispute. So the question presented is really this: Plaintiff having fully litigated the question of the servant's negligence in his action against the master and, after an adverse determination of such issue upon the merits, having based his new cause of action upon the same facts, may he again litigate the same issue in an action against the servant? In Emery v. Fowler, 39 Me. 326, 63 Am. D. 627, the court held, quoting the syllabus, which is supported by the opinion:

"A judgment in an action of trespass against the principal for the act of his servant, rendered upon a trial of the merits of the case, is a bar to a suit against the servant for the same act."

That case has been quoted with approval by numerous courts. To the same effect see Anderson v. West Chicago St. Ry. Co. 200 Ill. 329, 65 N. E. 717; Brobston v. Darby Borough, 290 Pa. 331, 138 A. 849, 54 A. L. R. 1285; Williford v. Kansas City, M. & B. R. Co. (C. C.) 154 F. 514; 34 C. J. 976, and cases cited under notes 54 and 55. While mutuality of estoppel is an essential element, yet the authorities apply the exception mentioned in 34 C. J. 988, which reads as follows:

"An apparent exception to the rule of mutuality has been held to exist where the liability of defendant is altogether dependent

upon the culpability of one exonerated in a prior suit upon the same facts, when sued by the same plaintiff; in such cases the unilateral character of the estoppel is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other had been exonerated in a direct action."

This court in Wilson v. Erickson, 152 Minn. 364, 367, 188 N. W. 994, 995, determined virtually the same issue. In that case plaintiff sought to charge his guardian, the defendant, with fraudulent conduct in the latter's administration of plaintiff's property. The matter at that time was pending in the probate court, plaintiff being the ward, defendant the guardian. The probate court exonerated the guardian and found that there was no fraud. That issue became final as there was no appeal. Later plaintiff brought suit in the district court against the guardian and his sureties alleging fraud. The defendants pleaded the former litigation in bar of the new action. The following quotation from the opinion in that case seems appropriate:

"Plaintiff urges that the defendants other than Erickson were not parties to the probate proceedings, and are not bound by the judgment of the probate court, and therefore cannot invoke that judgment as an estoppel. This is the general rule. But the matters determined by that judgment are *res judicata* as between plaintiff and Erickson; and as plaintiff predicates his cause of action on the alleged wrongdoing of Erickson, and the judgment conclusively determines that Erickson was free from wrongdoing, plaintiff has no cause of action against any of the defendants. Under such circumstances the judgment bars plaintiff from prosecuting another action against the other alleged tort-feasors." (Citing cases.)

See also 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 5173, 5177.

Judgment affirmed.