468

CRUZ ENCARNACIÓN, Plaintiff and Appellant, *v.*
ANDRÉS MAESO, Defendant and Appellee.

No. 6542.   Argued March 26, 1935.—Decided May 10, 1935.

*Martínez Nadal & Navarro Ortiz* for appellant.   *E. H. Dottin* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff maintains that he has two causes of action. As a ground for the first, in his complaint he substantially alleged that in September, 1928, he brought another suit in the Municipal Court of Carolina against the defendant Maeso for rescission of a contract to exchange a colt for a horse, which was finally heard on appeal to the District Court of San Juan and decided in favor of the plaintiff, to whom the colt was finally delivered by the marshal in April, 1932; that the defendant used the colt for 43 months and therefore owes the plaintiff $1,075, estimating the value of the use of the colt at $25 monthly, which sum he has refused to pay although payment has been demanded of him on several occasions.

And as a ground for the second cause of action, plaintiff reproduced the allegations of the first, and in addition substantially alleged that the action of the defendant in unlawfully retaining the colt for 43 months caused him "serious material and punitive damages" which he reasonably estimates at $1,250.

He demanded judgment for both sums, with costs including expenses, disbursements, and attorney's fees.

Upon being summoned, the defendant demurred to the complaint. After hearing the parties, the court rendered judgment in the following terms:

"In this case the defendant has filed a demurrer for insufficiency directed against the two causes of actions alleged in the complaint. He has also filed a demurrer on the ground of ambiguity.

"It appears from the complaint that the plaintiff obtained a judgment against the defendant in an action to recover a horse. Now, after that action has been definitely terminated, he files the complaint in this new action claiming damages from the defendant for the time that the latter deprived him of the possession and use of the horse. It clearly appears that the causes of action now set up are subsidiary to those previously set up and could have been alleged in the complaint of the previous suit or by means of a supplementary complaint. See Code of Civil Procedure, section 104, subdivision 3.

"Since these causes of action were not set up in the principal case, they are taken to be waived and, therefore, the demurrer for lack of facts must be sustained as to the two causes of action, and since the complaint cannot be amended, judgment is rendered for the defendant, without special imposition of costs."

Feeling aggrieved by that decision, the plaintiff appealed to this Supreme Court. He assigns a single error as follows:

"The District Court of San Juan erred in sustaining the demurrer for insufficiency, on the ground that the present complaint is subsidiary to the first and that, therefore, both complaints should have been accumulated when the original action was brought in the Municipal Court of Carolina."

In arguing this assignment he maintains, in our opinion correctly, that since the statute cited by the trial judge provides that: "The plaintiff may join several actions in one complaint where they all arise out of . . . 3. Claims to recover specific personal property, with or without damages for the withholding thereof"—section 104, subdivision 3, of the Code of Civil Procedure—the accumulation is not obligatory, but optional with the plaintiff. To this effect see the note to the case of *Skoglund* v. *Minneapolis Street R. Co.* in 11 L.R.A. 222.

But, although the statute cited by the court and the form of expression it used seem to indicate that it wished to say that because causes of action which could be accumulated were not accumulated, those which were not accumulated could not later be set up, the truth is that what the court really said was that a single action may not be split and brought in two distinct litigations. On this question, the holdings of decided cases are summarized in 1 R. C. L. 341 as follows:

"There is no principle of law which prohibits a person who has a claim against another from taking a part in satisfaction of the whole, and therefore he may maintain an action for a part only of the claim. But the rule is fully established that in the absence of an agreement to the contrary he cannot divide his claim and make it the subject of several actions. Hence if he sues for a part only of his claim a judgment obtained by him in the action is a bar to a second action for the residue of the claim, be it much or little, and irrespective of the question whether the second form of action was or was not identical with the first. The rule of law against the splitting of a single cause of action into several actions is founded upon the plainest and most substantial justice, that is, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits. It is the right of every litigant to have his cause once submitted to the arbitrament of the law; when it is there decided the peace of society demands that it should be at rest forever. It is a principle on which the repose of communities depends. This principle embraces not only what was actually determined but also extends to every other matter which the parties might have litigated in the case."

That being so, the question to be considered and decided is whether the action for rescission of the contract of exchange previously brought and the actions now brought claiming the value of the use of the animal exchanged, and the damage caused by its unlawful retention, constitute a single claim which it is sought to split in two, or may indeed be considered as distinct causes of action.

The appellant contributes nothing in his brief toward the solution of the problem. The appellee says in his:

"We submit that since the retention of the colt until the action for rescission of contract should be decided was a natural and logical consequence of the contract of exchange, it should have been decided in that case, if it was not decided, up to what point the plaintiff-appellant was entitled to recover damages, and if it was not decided then, there is now no cause of action for determining it, because an attempt to decide the question would necessarily involve the review of the action for rescission of the contract for the purpose of determining whether or not the plaintiff-appellant should really recover the damages which he may have suffered in the said action."

The cases which lay down the principle that a single cause of action cannot be split into several actions giving rise to different suits, are unanimous, but there is no uniform rule for determining the course to be followed in deciding cases which are on the border of whether a single cause of action or several causes of action are involved.

In the case of *Harrison* v. *Remington Paper Co.*, 140 Fed. 385, it was said: "The test of the identity of causes of action is the identity of the facts essential to their maintenance," and in *Beach* v. *Crain,* 49 Am. Dec. 369, 372, "To constitute an effectual bar, the cause of action in the former suit should be identical with that of the present. It is the same cause of action when the same evidence will support both the actions, although they happen to be grounded on different writs: *Rice* v. *King,* 7 Johns. 20. But the evidence in both actions may be in part the same; yet the subject-matter essentially different, and in such case there is no bar."

Let us examine the circumstances of this case in the light of the foregoing rules.

The action brought in the first case was one to rescind the contract of exchange of the colt for the horse. It was decided in favor of the plaintiff and the colt was returned to him. And now, in this new action, the plaintiff himself claims the value of the use of the colt while the defendant had it in his possession, and also the damages due to its unlawful retention.

The possession of the colt was obtained by the defendant by virtue of the contract of exchange, and the plaintiff recovered possession when the judgment holding that the contract was rescinded was executed. We do not know the grounds alleged for the rescission, but it is upon those grounds that the conclusion might be reached that the defendant was not entitled to the possession of the colt and that he had retained and used it unlawfully.

The action to rescind is subsidiary and, according to the law, may be brought only where the injured party has no other legal remedy to obtain reparation; it requires the return of the property which was the object of the contract, with its fruits, and the purchase price, with interest; and when the property is legally in the possession of a third person, damages may be claimed from the person who caused them. Sections 1246 and 1247 of the Civil Code, 1930 ed.

That being so, we do not doubt that the actions in the instant case could have been brought in the case for rescission, but we are not really convinced that they all constitute a unit in such a way that they may not be split, especially after our holding in the case of *Capó* v. *Hartman & Co.*, 41 P.R.R. 846, thus:

"As an independent action to recover the fruits and income of certain properties, the ownership and revendication of which are alleged to have been determined by a final judgment in a previous suit, is a personal action for which no particular situs is fixed by the Code of Civil Procedure, it need not be transferred to the court of the district in which such properties are situated."

We have examined a good number of the cases cited in the notes to the text of Corpus Juris on the matter, and we have not found any case like the present one. See 1 C.J. 1106 to 1121. Under these circumstances, since this is not a clear case, it is preferrable to allow it to continue rather than to commit a possible injustice in dismissing it.

Whether the plaintiff is right; whether his evidence will support his claims; whether he actually did claim previously what he claims now, or whether he was granted everything which could be granted to him, are questions which the court will be better able to decide after the answer has been filed and the trial held than at the present stage of the proceeding.

Therefore, the judgment appealed from should be reversed and the case remanded to the district court, so that that court may continue to hear the same and to decide it finally in accordance with the facts and the law.